UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-260-RJC
(3:05-cr-216-RJC)

| | |
|---|---|
| QUALO MARTEZ LOWERY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Amend, Vacate or Set Aside, filed under 28 U.S.C. § 2255, (3:09-cv-260; Doc. No. 1); Petitioner's Motion to Appoint Counsel, (3:05-cr-216, Doc. No. 237); and Petitioner's Motion to Amend his Section 2255 Motion, (3:09-cv-260; Doc. No. 2).

I.  **BACKGROUND**

On May 24, 2005, Petitioner was charged in an indictment by a federal grand jury sitting in the Western District of North Carolina. (3:05-cr-216: Doc. No. 1: Indictment). Count One charged Petitioner with conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base from January 2001, up to and including May 24, 2005, in violation of 21 U.S.C. § 846. (Id. at 1). Count Three charged Petitioner with a violation of 21 U.S.C.§ 841(a)(1) for possession of cocaine base with intent to distribute, and Count Four charged Petitioner with possession of cocaine with intent to distribute hydrochloride. (Id. at 2-3).[1] On June 20, 2005, Respondent filed an information pursuant to 21 U.S.C. § 851 setting forth Petitioner's previous

---
[1]Petitioner was not charged in Count Two.

1

conviction for a felony drug offense. (Doc. No. 10). Petitioner entered a plea of not guilty to each charge against him and his case came on for trial by jury on May 10, 2006. The jury returned a verdict of guilty against Petitioner on all counts for which he was charged. On May 15, 2007, Petitioner was sentenced, and on May 31, 2007, Petitioner entered notice of appeal following the pronouncement of sentence. (Doc. No. 184). On June 12, 2007, the Court entered Judgment against Petitioner and sentenced him to 360 months for conviction of Counts One, Three and Four, with each sentence to run concurrently, but consecutively to any state sentence Petitioner might be serving. (Doc. No. 195).

On appeal to the United States Court of Appeals for the Fourth Circuit, Petitioner raised four issues: (1) Respondent's failure to provide timely discovery of Officer Moore's notes violated his rights under Brady v. Maryland, 272 U.S. 83 (1963); (2) the trial court erred in admitting testimony from Officer Moore and other testimony under Rule 404(b) of the Federal Rules of Evidence; (3) the trial court erred in calculating his sentence by improperly relying on his prior convictions and the amount of drugs attributable to him; and (4) the trial judge had a conflict of interest resulting from his participation as a United States Attorney in the prosecution of Larry Brown, who testified as a witness against Petitioner at his trial. See United States v. Lowery, 284 F. App'x 64, 68 (4th Cir. 2008).[2] Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

In his § 2255 Motion, Petitioner raises four issues: (1) Petitioner was denied effective assistance of counsel at trial because his trial counsel did not raise his claim that the trial court

---

[2]The Court entered an Amended Order/Opinion which corrected a grammatical issue and in no way changed the substantive findings of the Court's original opinion. United States v. Lowery, No. 07-4628 (4th Cir. filed July 14, 2008). (Doc. No. 215).

could not be impartial because he once served as a U.S. Attorney. Petitioner contends that while serving as U.S. Attorney, the undersigned granted immunity to a witness who testified at Petitioner's trial, (3:09-cv-260; Doc. No. 1 at 4); (2) Petitioner's sentence and conviction were obtained in violation of his constitutional right to due process because the trial court had an apparent conflict of interest and therefore could not impartial, (Id. at 5); (3) Petitioner's sentence was imposed in violation of his constitutional right to due process because the court "was biased and had interest in seeing [Petitioner's] case prosecuted." Within this claim Petitioner contends that he did not have two prior drug trafficking charges in the State of North Carolina, (Id. at 7); and (4) Petitioner's appellate counsel rendered constitutionally defective assistance of counsel by failing to properly raise the Brady issues, the allegation of a biased trial court, improper sentencing, and the trial court's abuse of discretion. (Id. at 8). Petitioner explains that he did not raise grounds 1 and 4 which are pled in his § 2255 Motion, because he was not in an adequate position to do so on direct review. (Id. at 10).

In his Motion to Amend his Section 2255 Motion, filed January 12, 2010, Petitioner seeks to raise the following issues: (1) essentially, that the Court's ruling denying Petitioner a new trial was erroneous because evidence offered through the testimony of Lonnie Brown was unduly prejudicial and led to his conviction; and (2) Petitioner's due process rights, as protected by the Fifth Amendment, were violated when his state court attorney, James Exum, represented Petitioner and Elgin Bailey in state court on charges which were later dismissed. Bailey was named as a co-defendant in Petitioner's indictment. Exum represented Bailey in the federal case until he was asked to withdraw by the magistrate judge. The result, Petitioner contends, is that he was deprived of effective assistance of counsel because his attorney labored under a conflict of interest because he may have shared information regarding Petitioner during his representation

3

of Bailey in the federal case. Petitioner argues that there would not have been an indictment of several of the counts against him in the absence of the apparent conflict of interest. (Doc. No. 2 at 4-6).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the government to respond. Id.

After examining the instant motion, and the record in this matter, the Court finds no response is necessary from the government. Petitioner has requested an evidentiary hearing, however, the Court finds that this matter can be resolved without one. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Motion to Appoint Counsel

In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or the matter proceeds to an evidentiary hearing. Id. Absent one of these conditions, there is no absolute right to counsel, statutory or constitutional, in a Section 2255 proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). There is no need for discovery in this case, nor for an evidentiary hearing. The right to appoint counsel in the present case is therefore discretionary.

Petitioner contends that he is indigent and he needs appointed counsel due to the

4

Case 3:09-cv-00260-RJC   Document 5   Filed 06/25/12   Page 4 of 13

complexity of his case and the fact that a "trial of this case will likely involve conflicting testimony and counsel would be better enable [Petitioner] to present evidence." (3:05-cr-216, Doc. No. 237 at 1-2). First, the Court has already found that there is no need to hold an evidentiary hearing. Second, Petitioner has fairly presented his arguments to the Court and the disposition of his Section 2255 Motion can completed based on the existing record and applicable law. Petitioner's Motion to Appoint Counsel will be denied.

B.  Motion to Amend Section 2255 Motion

The Court has examined Petitioner's Motion to Amend and finds, that for reasons that will be explained below, the motion should be allowed in part, and denied in part. Fed. R. Civ. P. 15(a)(2).

On July 1, 2008, the Fourth Circuit filed its Opinion affirming Petitioner's conviction and sentence as imposed by this Court. (3:05-cr-216, Doc. No. 214). Petitioner did not file a petition for a writ of certiorari and thus his conviction and sentence became final at the latest on October 14, 2008, that is, 90 days from the date the Fourth Circuit filed its Amended Opinion. (Doc. No. 215). See 28 U.S.C. § 2255(f) (providing for a one-year statute of limitations for the filing of Section 2255 Motions which begins to run, in the present case, from the date his conviction became final).

Petitioner filed his Section 2255 Motion on June 24, 2009, well within this one-year statute of limitations. However, Petitioner did not file his Motion to Amend his § 2255 Motion until January 12, 2010. (3:09-cv-260, Doc. No. 2). Petitioner's Section 2255 Motion, although filed well in advance of the one-year statute of limitation, in any event had to be filed by October 14, 2009, in order to be timely.

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending §

5

2255 motions. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). The Rule provides that if a party seeks to amend his pleading more than 21 days after he filed the original pleading, he must either obtain written consent from the opposing party or leave of court. Fed. R. Civ. P. 15(a)(1) and (2).[3] Nevertheless, absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) is freely given. Pittman, 209 F.3d at 317 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

A cause of action barred by the applicable statute of limitations is futile; therefore, an untimely amendment can be denied on that basis. Id. However, Rule 15(c) allows time-barred amendments if they "relate back" to the original pleading. Id. The requirements of Rule 15(c) are satisfied "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading. Id. (quoting Fed. R. Civ. P. 15(c)(2), now codified as Fed. R. Civ. P. 15(c)(1)(B)). The Supreme Court has held that permissible new claims must relate to a "common core of operative facts" from which the timely filed claims arose. Mayle v. Felix, 545 U.S. 644, 664 (2005).

In order for his Motion to Amend to be allowed, the claims in his Motion must relate back to the claims he filed in his Section 2255 Motion. As identified above, the first issue in his Motion concerns testimony provided by Lonnie Brown. The Court finds that this argument does not present new information, rather Petitioner is simply offering additional argument which clearly supplements his Section 2255 Motion. The Court will allow this amendment as it derives from the common core of facts which Petitioner asserts in his Section 2255 Motion.

---

[3]As the Government was not required to file an answer or respond to Petitioner's § 2255 Motion, there is no need to obtain its leave. However, as the Motion to Amend was filed far in excess of 21 days after filing, Petitioner would need leave of court.

In the second issue, Petitioner argues that his Fifth Amendment right to due process was violated because his state court counsel, James Exum, represented both he and a co-defendant in a state court matter that was later dismissed. Exum later represented a co-defendant in the federal criminal case at issue, and Plaintiff alleges that Exum shared information he gained from Petitioner with Bailey and investigators. Consequently, Petitioner contends that he was deprived of due process and suffered prejudice such that the outcome of the trial would have been different. (3:09-cv-260, Doc. No. 2 at 4-6). Plaintiff did not make this claim in his Section 2255 Motion although it appears from the record that Petitioner was aware of such a possible claim.

As the Supreme Court noted in Mayle, in the context of a Section 2255 motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any proposed amended claim that Petitioner could conjure in his habeas action that relates to the prior conviction or sentence would be considered timely, no matter how long the delay in bringing the proposed amended claim. Mayle, 545 U.S. at 664. A new claim for ineffective assistance of counsel does not relate back to a claim for ineffective assistance of counsel in the Section 2255 Motion if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" United States v. Gonzalez, 592 F.3d 675, 680 (5th Cir. 2009) (quoting Mayle, 545 U.S. at 650).

In his Section 2255 Motion, Petitioner's claim of ineffective assistance of counsel centers on (1) his trial counsel's failure to raise challenges to the trial court's ability to be fair and impartial, both in the trial, and at sentencing, (Doc. No. 1 at 4); and (2) his appellate counsel's failure to raise a host of issues that are set out herein, supra at 3, but suffice it to say, none of those issues relate to the ineffective assistance of counsel claim in his Motion to Amend.

The Court finds that Petitioner's second issue does not arise out the core of common facts

7

which Petitioner urged in his Section 2255 motion, and because the Motion to Amend was filed more than one year after the Section 2255 was due to be filed, the motion is untimely.

Petitioner's claim does not relate back to his timely filed Section 2255 Motion and it is therefore dismissed as being untimely filed. Section 2255(f).

        C.     Petitioner's Section 2255 Motion

            1.     Judicial Bias

Although all of Petitioner's claims for relief, as pled in his initial Section 2255, touch on the issue of judicial bias, the Court will examine Claims 1-3 collectively. Petitioner's Fourth Claim will be examined below in regard to his claim for ineffective assistance of counsel.

Petitioner raises the claim that the trial court was biased and could not impartially preside over his trial because during the undersign's tenure as the U.S. Attorney for this District, he reached an agreement to grant immunity to Lonnie Brown, a witness who testified at Petitioner's trial. To support this claim, Petitioner attached a copy of a letter which offers the grant of "use immunity" to Lonnie Brown. The letter is dated February 2, 2004, and is signed by Assistant U.S. Attorney, Grethchen Shappert. (3:05-cr-216; Doc. 237 at 5-6). While it is true that the undersigned served as the U.S. Attorney for the Western District at the time this agreement was reached, the undersigned was not, as this 2004 letter plainly shows, the signatory to the "use immunity" agreement with Brown.

Petitioner raised this issue during his sentencing hearing but made no specific argument other than to say that he asked his trial counsel to "file a possible conflict of interest" because the undersigned "signed off on Mr. Lonnie Brown's immunity agreement." (Doc. 206: Sentencing Transcript, at 6). As noted above, the use immunity agreement was signed by Assistant U.S. Attorney Gretchen Shappert and not the undersigned. Moreover, Petitioner does not alert this

8

Court to any conduct which could support his claim that the Court was biased.

Petitioner raised some specter of this claim on his appeal to the Fourth Circuit. The Court rejected this argument after finding the following:

> At sentencing, Appellant, individually and without support of counsel, claimed for the first time that the trial judge, while serving as U.S. Attorney, had participated in immunizing or prosecuting Lonnie Brown, one of the witnesses called by the Government to testify against Appellant. Appellant first made the unsubstantiated allegation of a conflict a sentencing on May 15, 2007, during a colloquy between Appellant and the district court. Appellant's trial counsel did not join or argue Appellant's allegation. We note that Appellant's brief was filed in this court on September 26, 2007, by new appellate counsel. Like Appellant's allegation in district court, no evidence or specific facts were presented in support of Appellant's allegation in the brief before this court. In fact, the issue was raised at best as an aside discussion of an entirely separate issue and not in a manner conducive to any resolution of the claim. Given that Appellant has never raised this issue in a timely, proper, or non-conclusory fashion, we reject this claim.

Lowery, 284 F. App'x at 74 n.7.

Although it is plain that the Fourth Circuit rejected Petitioner's claim of judicial bias in his direct appeal, the undersigned would find for the purpose of examining the present motion, that based on Petitioner's filings in this Section 2255, Petitioner has still provided no evidence or basis to support a claim of judicial bias. Indeed, the one piece of evidence Petitioner would offer is the February 2004 letter signed by Assistant U.S. Attorney Gretchen Shappert and not by the undersigned. Accordingly, the Court finds that Petitioner's claims of judicial bias are without merit and are therefore denied and dismissed.

      2.      Ineffective Assistance of Counsel

Through his Fourth Claim, Petitioner contends his appellate counsel "failed and/or did not properly raise all of the petitioner's allegations as to the Brady violation, a biased Judge, improper sentencing and/or the trial court's abuse of discretion." (3:09-cv-260, Doc. No. 1 at 8). The undersigned has found that Petitioner sets out no plausible argument or evidence to support

9

his claims of judicial bias. It follows then that Petitioner cannot therefore prevail on his claim of ineffective assistance of counsel on the basis of judicial bias.

As for the remaining three arguments, it is clear that the arguments were raised and decided on appeal. The Fourth Circuit spent considerable time addressing Petitioner's Brady claim, his claim that the trial court abused its discretion, and that the trial court made sentencing errors, and concluded that Petitioner was entitled to no relief. Petitioner's arguments are therefore foreclosed by the Fourth Circuit's Opinion which has already fully addressed and ruled on these claims. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (Petitioner in a Section 2255 "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on appellate review); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Petitioner has offered no argument that an intervening change in law could revive the issues which were soundly decided by the Fourth Circuit. Accordingly, Petitioner's Fourth Claim for ineffective assistance of counsel is denied and dismissed.

### 3. Amended Section 2255 Motion

Through his amended motion, Petitioner raises several issues related to the trial testimony of Lonnie Brown. Petitioner contends that because Brown reached a deal with the Respondent regarding sentence and because Brown was upset that Petitioner sold some of his personal property while Brown was incarcerated, that his testimony is not credible. (3:09-cv-260, Doc. No. 2 at 2). Petitioner also raises the issue of phone calls which he raised before this Court in his motion for a new trial. Namely, that Brown made phone calls to family members while Brown was in custody shortly before and after Petitioner's trial. Petitioner contends Brown

"expressed great animosity against [Petitioner] for taking his stuff and abandoning him to a life sentence. Lonnie Brown indicated his willingness to do whatever it took to reduce his sentence." (Id. at 3). In essence, Petitioner complains that Brown's testimony was so influenced by the Respondent that the jury was improperly influenced and this led to his conviction. The Court addressed the issue and substance of the phone calls and attacks on Brown's testimony during the hearing on Petitioner's motion for a new trial and concluded that those issues had been competently explored through the vigorous cross-examination conducted by Petitioner's trial counsel in his effort to thoroughly impeach Brown. (3:05-cr-216, Doc. No. 206: Motion for New Trial and Sentencing Transcript, at 20-22). The Court concluded that Brown's testimony, while important and certainly damaging to Petitioner's trial, was evidence which was part of an overwhelming presentation of guilt by Respondent. Accordingly, attacks on Brown's testimony, even if successful, could not have changed the outcome of Petitioner's trial.

Moreover, attacks on Brown's testimony, and the derivations which Petitioner includes in his Motion to Amend, were fairly raised on direct appeal or could have been raised on direct appeal. The Fourth Circuit discussed Brown's testimony and that of other witnesses who testified regarding Petitioner's drug activity. Lowery, 284 F. App'x at 67-68. On appeal, Petitioner argued that the trial court erred in admitted the testimony of Brown and others as Rule 404(b) evidence. The Court found that the testimony was properly admitted under Rule 404(b) to show, among other things, how "the illegal relationship between the participants in the crime developed." Id. at 71. The Court also found that the testimony of Brown and Alexander was properly admitted as relevant to the issues of [Petitioner's] knowledge of the drug trade and

11

intentional participation in the conspiracy." Id. (internal citation omitted).[4]

These issues have been fully explored and disposed of on appeal. Petitioner's challenges to the damaging testimony of Brown and others was addressed to the Fourth Circuit and the evidence was allowed to stand. To the extent Petitioner did not raise certain challenges to Brown's testimony and others, those issues should be procedurally barred. See United States v. Frady, 456 U.S. 152, 164 (1982) ("a collateral challenge may not do service for an appeal."). In sum, the evidence of Petitioner's guilt was overwhelming and the arguments he makes in his Motion to Amend do not entitle him to any relief. Petitioner's arguments are denied and dismissed.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Motion for Appointment of Counsel, (3:05-cr-216; Doc. No. 237), is **DENIED.**

2.      Petitioner's Motion to Amend, (3:09-cv-260; Doc. No. 2), is **ALLOWED in part** and **DENIED in part**.

3.      Petitioner's Motion to Vacate under § 2255, (3:09-cv-260; Doc. No. 1), is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED**  that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

---

[4]Alexander provided testimony that he worked as a drug runner for Petitioner beginning in the late 1980's or early 1990's, and this participation continued through the time charged in the indictment. Lowery, 284 F. App'x at 71.

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: June 25, 2012

Robert J. Conrad, Jr.
Chief United States District Judge