IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-260-RJC
(3:05-cr-216-RJC)

| | |
|---|---|
| QUALO MARTEZ LOWERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Reconsider its decision to deny and dismiss his Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 9). On June 25, 2012, the Court entered an Order denying and dismissing Petitioner's Section 2255 motion, (Doc. No. 5), and the Clerk of Court entered Judgment that same day. (Doc. No. 6). On July 9, 2012, Petitioner filed his Motion to Reconsider wherein he renews the arguments he made in his Section 2255 motion. The Court finds that this is merely an unauthorized, successive petition under Section 2255(h) and therefore denies the motion.

A successive Section 2255 motion is available only in a limited set of circumstances, none of which are present in this case. First, Petitioner has not provided evidence that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." ).

Second, even if the Court were to characterize Petitioner's motion to reconsider as a motion under Rule 59(e) of the Federal Rules of Civil Procedure, Petitioner cannot demonstrate

1

that he is entitled to any relief. In his motion to reconsider, Petitioner has reargued the points he set forth in his Section 2255 motion which this Court denied and dismissed. The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a properly pled motion under Rule 59(e) for relief from an order or judgment, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

For the foregoing reasons, Petitioner's motion for reconsideration is deemed an unauthorized, successive petition under Section 2255. The motion for reconsideration is therefore denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Reconsider, (Doc. No. 9), is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge