UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-260-RJC
(3:05-cr-216-RJC-2)

| | |
|---|---|
| QUALO MARTEZ LOWERY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's "Motion Pursuant to Rule 60(b)(5) & (6) to Open Case and Set Aside Order Denying Relief," (Doc. No. 14).

### I. BACKGROUND

A jury found Petitioner guilty in the underlying criminal case of conspiracy to possess with intent to distribute cocaine and cocaine base, possession of cocaine base with intent to distribute, and possession of cocaine with intent to distribute. (3:05-cr-216, Doc. No. 195). He was sentenced to a total of 360 months' imprisonment. (Id.). The Fourth Circuit affirmed, United States v. Lowery, 284 Fed. Appx. 64 (4th Cir. 2008), and the United States Supreme Court denied certiorari, Lowery v. United States, 555 U.S. 976 (2008).

Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant case and later filed a Motion to Amend. (Doc. Nos. 1, 2). The Court granted the Motion to Amend insofar as the claims related back to the original timely § 2255 petition, dismissed the untimely claims, and denied the timely claims on the merits. Lowery v. United States, 2012 WL 2395192 (W.D.N.C. June 25, 2012). Petitioner filed a Motion for Reconsideration that the Court denied as

1

an unauthorized second or successive § 2255 petition. Lowery v. United States, 2012 WL 3202945 (W.D.N.C. Aug. 6, 2012). The Fourth Circuit dismissed Petitioner's appeal, United States v. Lowery, 2012 WL 5992225 (4th Cir. Dec. 3, 2012), and the Supreme Court denied certiorari, Lowery v. United States, 570 U.S. 924 (2013).

On May 21, 2018, Petitioner filed a § 2255 petition that was docketed in case number 3:18-cv-275. The Court dismissed the petition as an unauthorized second or successive § 2255 petition. Lowery v. United States, 2018 WL 3039736 (W.D.N.C. June 19, 2018).

On August 2, 2018, Petitioner filed the instant Rule 60(b) Motion arguing that the June 25, 2012, Order denying § 2255 relief in the instant case should be set aside and that the § 2255 proceedings should be reopened. He argues that the lack of effective counsel in his original collateral proceeding caused the procedural default of several § 2255 claims pursuant to Martinez v. Ryan, 566 U.S. 1 (2012) and Trevino v. Thaler, 569 U.S. 413 (2013). He asks that the defaulted § 2255 claims be considered on the merits and that he receive a new criminal trial.

**II.    LEGAL STANDARDS**

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(5) or (6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review

3

Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition). "When [a] motion presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b), the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Winestock, 340 F.3d at 207.

### III. DISCUSSION

Petitioner argues that this § 2255 case should be reopened pursuant to Rule 60(b)(5) and (6) because he did not have the assistance of effective counsel in the original § 2255 proceeding which caused several of his § 2255 claims to be defaulted.

This appears to be a "mixed" Rule 60(b)/§ 2255 motion that alleges procedural error and attacks the underlying conviction and sentence. See United States v. McRae, 793 F.3d 392 (4th Cir. 2015). Courts generally afford a petitioner the opportunity to either abandon his successive § 2255 claims and proceed with the Rule 60(b) motion or proceed with the motion and have it dismissed as an unauthorized successive § 2255 petition. See id.; Winestock, 340 F.3d at 207. Ordering Petitioner to elect between these alternatives would be futile in the instant case because, even if

4

Petitioner chose to abandon his successive § 2255 claims, his Rule 60(b) motion would be denied as time-barred. See generally United States v. Walton, 587 Fed. Appx. 83 (4th Cir. 2014) (affirming the portion of the district court's order denying petitioner's motion for relief under Rules 36 and 60(a), and dismissing the portion of the order dismissing petitioner's motion as an unauthorized successive § 2255).

Petitioner's arguments that his § 2255 claims are meritorious and that he should receive a new trial are, in substance, successive § 2255 claims because they directly attack his criminal conviction and sentence. See Gonzalez, 545 U.S. at 531. Petitioner does not allege that he has obtained leave from the Fourth Circuit to file a successive § 2255 petition. Therefore, the present Motion is construed as an unauthorized second or successive § 2255 petition over which the Court lacks jurisdiction. Id.

To the extent that Petitioner argues that the Court's June 25, 2012, decision in this § 2255 proceeding should be set aside due to procedural errors, his Rule 60(b) motion is denied. Petitioner relies on Rule 60(b)(5) and (6), both of which must be filed within a "reasonable time." Petitioner argues that he should be granted relief according to Martinez and Trevino because ineffective post-conviction counsel caused his claims to be procedurally defaulted. The instant Motion, which was filed more than five years after Martinez and Travino were issued, was not filed within a reasonable time and is therefore time-barred. Moreover, a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(5) or (6) and the Motion would be alternatively denied on that basis. See Dowell, 993 F.2d at 48. Therefore, even if Petitioner abandoned his successive § 2255 claims, his Rule 60(b) motion would be denied.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's motion for Rule 60(b) relief is denied in part as

time-barred and is construed in part as an unauthorized successive § 2255 petition that is dismissed for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion Pursuant to Rule 60(b)(5) & (6) to Open Case and Set Aside Order Denying Relief," (Doc. No. 14), is **DENIED** in part as time-barred, and is **DISMISSED** in part for lack of jurisdiction as an unauthorized successive § 2255 petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also McRae, 793 F.3d at 398 ("the COA requirement in § 2253(c) allows us to review, without first issuing a COA, an order dismissing a Rule 60(b) motion as an improper successive habeas petition."); United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 petition).

Signed: September 24, 2018

_Robert J. Conrad_
Robert J. Conrad, Jr.
United States District Judge